[No. 5830.  Decided August 8, 1906.]

GROVER H. IMHOOF, *Appellant,* v. NORTHWESTERN LUMBER
COMPANY, *Respondent.*[1]

APPEAL—REVIEW—HARMLESS ERROR—AMENDMENTS.  Where in his
opening statement, counsel stated that he intended to prove certain
facts, error cannot be predicated upon a ruling that the same would
be improper under the pleadings, where no leave was asked to amend
the complaint so as to make such evidence admissible.

MASTER AND SERVANT—NEGLIGENCE—PLEADING—ISSUES AND PROOF.
In an action for personal injuries sustained by an employee in a
sawmill, an allegation of unevenness in a transfer platform, by rea-
son of skids for cants to fall on and conveyor chains to run on, does
not admit of evidence of negligent construction thereof, where no
negligent construction was alleged and no request was made to amend
when the objection was pointed out at the beginning of the trial.

SAME—SAFE PLACE—ASSUMPTION OF RISKS—OBVIOUS DANGERS.
An offbearer from a transfer deck in a sawmill, which was safe for
cants of the length ordinarily used, cannot recover because it was
rendered unsafe by sending to it a cant which was shorter than
usual, where such short cant was in plain view, and the danger
obvious before the machine was put in motion, and he was sig-
nalled to get away in time; since the master is not bound to furnish
any particular make of machine for the handling of short cants, and
the servant assumed the risk.

SAME—CONTRIBUTORY NEGLIGENCE.  In such a case, the servant is
guilty of contributory negligence in going to the machine in an
attempt to remedy the difficulty, notwithstanding his duty to keep
out of the way of cants, and a signal requiring him to do so.

Appeal from a judgment of the superior court for Che-
halis county, Rice, J., entered March 14, 1905, upon the
verdict of a jury rendered in favor of the defendant by di-
rection of the court at the close of plaintiff's case, in an action
for personal injuries sustained by an offbearer in a sawmill.
Affirmed.

*Geo. B. Cole John E. Humphries,* and *L. B. Bignold,* for
appellant.

*Austin E. Griffiths,* for respondent.

[1]Reported in 86 Pac. 650.

Mount, C. J.—Action for personal injuries. The lower court sustained defendant's motion for a directed verdict at the close of plaintiff's case. The plaintiff appeals.

The facts, as established by the plaintiff's evidence, are substantially as follows: The defendant was operating a sawmill at Hoquiam, in Chehalis county. Plaintiff was employed as second offbearer in defendant's mill. Behind the first saw in said mill was a set of live rolls, which consisted of rollers about three feet in length and three or four feet apart, set in a frame or table about three feet high from the floor. At the floor and to one side of the set of live rolls, was an inclined deck twenty feet wide and twenty-five feet long, extending from the floor to what is called a "resaw." This deck is called a "transfer" deck. Upon the floor of the deck for a distance of ten feet from the live rolls, are timbers, about twelve inches square and about six or eight inches apart, at right angles to the frame work of the live rolls. Two of these timbers, about fifteen feet apart, extend across the whole distance of the transfer deck from the live rolls to the resaw. In these two timbers or skids are grooves, which contain endless chains with bars, or dogs, attached thereto. The purpose of the chains is to drag timbers or cants from the live rolls to the resaw. These chains are run by steam power.

Upon the side of the frame work of the set of live rolls is a machine called a "kicker." This machine consists of a shaft the length of the frame of the set of live rolls, to which shaft are attached arms which extend to the top of the frame of the set of live rolls and then at right angles across the top of said frame. These arms are called "flippers." The lower arm of each flipper is firmly attached to the shaft. When at rest the upper part of the arms lies between the live rolls and a little below them, so that when cants pass along the tops of the rolls they pass free above the flippers. This kicker is used to lift cants from the live rolls and slide them or throw them down on to the transfer deck. It is run by steam power and is controlled by a lever, by the first offbearer. The

kicker in use at respondent's mill contained three flippers, twelve feet apart. The middle one was half way between the two chains on the conveyor deck. The plaintiff's duties were to keep the timbers or cants straight on the live rolls and on the conveyor deck, and to assist the first offbearer. His position was on the deck and on the live rolls, and his duties required him to keep out of the way of cants. He was between eighteen and nineteen years of age. He had worked in this mill about five days before he was injured. He had worked in other mills off and on for a period of about two years. He was familiar with the work and the machinery in this mill.

On the 26th day of May, 1903, a cant about twelve inches thick and eighteen feet long was sent from the first saw on to the set of live rolls. This cant was not long enough to reach all three of the flippers, and it could not lie on two of them and be thrown to the conveyor deck so that it would lie across the two conveyor chains. The first offbearer caused it to move down over the middle flipper and gave the signal to plaintiff to get out of the way, and then set his kicker machine in motion. But by reason of a piece of bark which caught and held the cant, the first offbearer could not balance the cant on the middle of the center flipper, and one end of the cant, being lighter than the other, rose up so that it was not going on to the conveyor deck straight. The plaintiff, notwithstanding the signal, rushed in and removed the piece of bark with a picaroon, and attempted to get away. When he was about ten feet away from the cant, going in the direction the cant was going, he fell upon the deck and one end of the cant swung around and struck the plaintiff on the leg. His leg was broken and he was rendered unconscious. The negligence alleged in the complaint was, in substance, that there were not enough flippers on the kicking machine to handle short cants, and that defendant negligently sent a short cant thereon, causing the danger which was known to defendant and unknown to the plaintiff. After the jury had been impaneled in the case, plaintiff's counsel, in stating the

case to the jury, stated that he intended to prove that the transfer deck was carelessly, negligently and improperly constructed. Thereupon defendant's counsel objected to this proof, upon the ground that no such negligence was alleged in the complaint, and the court thereupon ruled that such evidence would be improper under the pleadings. Appellant assigns this ruling as error.

It is quite plain that the complaint does not allege the improper construction of the deck as one of the acts of negligence, and no such inference can reasonably be drawn from its language. In describing how the injury occurred, the complaint states: "And by reason of the uneven surface of the said deck as hereinbefore alleged, the plaintiff was unable to get out of the way of and avoid being struck by such timber, and such timber struck and fell upon plaintiff, knocking him down," etc. The words "uneven surface of the said deck as hereinbefore alleged" refer to the description of the deck, which shows that its surface was uneven by reason of skids for cants to fall upon and for the conveyor chains to run on. There is nothing in the complaint to show that such unevenness was unnecessary or unusual in said decks, nor is there any charge that the deck was negligently constructed. It is true that we have held that pleadings must be liberally construed under our statute with a view to substantial justice, but this does not mean that we shall read into a pleading some fact which is not stated, and which the pleader clearly did not intend to state or rely upon. Furthermore, this point was called to the attention of the appellant at the beginning of the trial, before any evidence was introduced. If appellant desired to make this a ground for recovery, he should at that time have requested leave to amend his complaint, which no doubt would have been granted upon just terms.

The only other question in the case is whether the court erred in directing a nonsuit upon appellant's evidence. There was some evidence of a millwright that it was customary to

place the flippers of the kicking machine eight or nine feet apart, where cants eighteen feet long or under were handled. But it was also shown that in this mill cants eighteen feet long and under were not common, and that cants much longer than eighteen feet were the kind usually handled. The duty which respondent owed to appellant was to furnish him a reasonably safe place, with reasonably safe appliances; but this rule does not require the master to furnish a certain make of machine. If the machine is in good repair and reasonably safe and all its imperfections are apparent, the servant assumes the obvious risks. It is not contended that the machine used was not safe for the work which it ordinarily did; but appellant contends that because a short cant was sent to the machine, without notice, the place was thereby made unsafe. But the evidence is clear to the effect that the cant was a short one. It was not long enough to reach all three of the flippers. It could only rest on the middle one and be in a position to be thrown or slid on to both conveyor chains on the deck. This was obvious. It was in plain view of appellant. He as well as any one could see that it rested only on the middle flipper and did not reach either of the other two. The danger of the place and the appliances was therefore, perfectly apparent to the appellant, and was assumed.

The evidence clearly shows, also, that the appellant was guilty of contributory negligence. His duties required him to keep out of the way of the cants. He had ample opportunity to do so. He was signalled to get away before the machine was put in motion. In the face of such signal, he afterwards voluntarily went to the cant to remove a piece of bark, while the cant was being moved by the kicker from the live rolls to the deck. If he had obeyed his orders he would not have been injured. These facts take the case out of the rule in *O'Brien v. Page Lumber Co.*, 39 Wash. 537, 82 Pac. 114, and *Dossett v. St. Paul etc. Lumber Co.*, 40 Wash. 276, 82 Pac. 273, even if it were conceded that the

first offbearer was a vice principal and not a fellow servant with the appellant.

The trial court therefore committed no error in granting the nonsuit. The judgment is affirmed.

ROOT, FULLERTON, CROW, RUDKIN, and DUNBAR, JJ., concur.